***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 16, affirmed September 13, 2023

In the Matter of S. B. M. H. L.,
aka S. H. L., aka S. H. L., aka S. H.-L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. B. A. L.,
aka M. L.,
*Appellant.*

Multnomah County Circuit Court
22JU03199
Petition Number
T2022036; A180988

Michael S. Loy, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

KAMINS, J.

In this juvenile dependency case, father appeals a judgment terminating his parental rights to his daughter, S, raising two assignments of error. On *de novo* review, we conclude that clear and convincing evidence establishes that father is unfit to care for S and that termination of father's parental rights is in S's best interests. Accordingly, we affirm.

In 2017, father, a Tunisian national, was arrested and convicted of a misdemeanor for hitting mother while she was 24 weeks pregnant with S. Father came into the custody of Immigration and Customs Enforcement (ICE) and was deported a few years later. S was born while father was in ICE custody and, consequently, father and S have never met in person. S was removed from mother's care in 2018 and placed with resource parents, with whom she has lived since then.

In 2022, the Department of Human Services (DHS) petitioned to terminate father's parental rights on several grounds, including, as relevant here: (1) lack of effort by father to adjust father's circumstances, conduct or conditions to make return of S possible; (2) failure to effect a lasting adjustment after reasonable efforts by available social agencies; (3) a pattern of domestic violence against mother; and (4) failure to present a viable plan for the return of the child. The juvenile court terminated father's parental rights, finding by clear and convincing evidence those allegations to be true and termination to be in S's best interests.

On appeal, father argues that the record was insufficient to terminate his parental rights, assigning error to the finding of unfitness and to the finding that it is in S's best interests to terminate his parental rights.

We review the record from a judgment terminating parental rights *de novo*. ORS 19.415(3)(a). In our review, we must determine whether there is clear and convincing evidence to sustain the juvenile court's judgment; that is, we must be persuaded by the evidence that it is highly probable that father is unfit and that termination of father's parental rights is in the best interests of the child. *Dept. of Human*

*Services v. M. P.-P.*, 272 Or App 502, 503, 356 P3d 1135 (2015).

ORS 419B.504 authorizes termination of parental rights when the court determines that, at the time of trial, the parent is "unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." The court must also conclude that "terminating a child's legal relationship with a parent is in the child's best interest." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Beginning with the first inquiry, we agree with the juvenile court that there is clear and convincing evidence that father was unfit for the five asserted reasons. Father had several years since his release from ICE custody in 2019 to adjust his circumstances, conduct, and conditions to make S's return possible and, during those years, DHS made significant efforts in connecting father with parenting and batterers' intervention classes. Although he participated in some parenting classes, father has regularly failed to complete a full series of classes and has repeatedly demonstrated an inability to understand and attend to S's needs. Relatedly, father has a continued and unaddressed history of domestic violence and has not successfully completed the recommended batterers' intervention classes. Additionally, father fails to present a viable plan for the return of the child. Father has not indicated whether S would reside with him in the United States, Tunisia, or Qatar (where he currently lives), nor has father made plans to address S's need for mental health services.

Turning to the second inquiry, "to conclude that termination is in a child's best interest[s], we must be able to conclude that the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. N. H.*, 322 Or App 507, 520, 520 P3d 424 (2022) (internal quotation marks omitted). We consider a number of factors in determining whether terminating a child's legal relationship with a parent is in the child's best

interests. Those factors include "(1) the strength of the bond between the parent and child; (2) whether severing that bond will help or harm the child; (3) the benefits to the child of terminating parental rights; and (4) the risk of harm to the child posed by termination." *L. M. B.*, 321 Or App at 53.

Here, S does not show a strong bond with father. Father and S visit via internet video calls, but S is often reluctant to attend, and father has missed many visits. Visitation records also reflect that father occasionally expressed frustration and aggressive behavior with S. There is limited evidence suggesting that maintaining S's relationship with father is important to S's well-being; indeed, contact with father, on occasion, appears to be harmful to S. Under the care of her resource parents, with whom she has lived for most of her life and who want to adopt her, S has performed well in school and appears to be thriving. S also has significant emotional and mental health needs, and her resource parents connect her with services to address those needs.

Finally, father argues that the juvenile court erred in not considering a permanent guardianship for S. We reject father's argument, because the record does not support that a permanent guardianship would be in S's best interests, and there is no requirement that juvenile courts make express findings regarding guardianship in every case. *See N. H.*, 322 Or App at 520-21 (affirming termination where the child was not strongly bonded to the mother and the mother demonstrated a continued lack of insight into the child's needs).

In sum, having reviewed the record *de novo*, we conclude that the court did not err in terminating father's parental rights based on clear and convincing evidence that father is unfit to care for S and that it is in S's best interests that father's parental rights be terminated.

Affirmed.